UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOEL MIRANDA, | ) | CASE NO. SACV 15-1935 GHK (FFM) |
| Petitioner, | ) ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| CALIFORNIA SUPREME COURT, et al., | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that Petitioner's sole ground for relief is not cognizable on federal habeas review.

## I. PROCEDURAL HISTORY

An Orange County Superior Court jury convicted Petitioner of gross vehicular manslaughter while intoxicated (Cal. Penal Code § 191.5). The jury also found that Petitioner fled the scene of the crime and that he had suffered a prior conviction for driving under the influence with a prior conviction (Cal. Veh. Code § 20001; Cal. Penal Code § 191.5). Thereafter, the trial court sentenced Petitioner to state prison for a term of twenty years to life.

/ / /

/ / /

Petitioner appealed his conviction. On June 22, 2012, the California Court of Appeal amended the abstract of judgment to correct a clerical mistake, but in all other respects affirmed the conviction and sentence. Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on September 12, 2012. Thereafter, Petitioner filed several collateral attacks to his conviction, the last of which was a petition for writ of mandate that he filed in the California Supreme Court. Along with his petition for mandate, Petitioner filed a request for temporary injunction and a motion for judicial notice. On September 9, 2015, the California Supreme Court issued an order granting Petitioner's motion for judicial notice, but denying Petitioner's request for temporary injunction and his petition for writ of mandate.

Petitioner then initiated this action.

## II. DISCUSSION

In his sole claim for relief, Petitioner contends that, in denying Petitioner's petition for writ or mandate, the California Supreme Court deprived Petitioner of his due process right to a hearing. Citing Federal Rule of Evidence 201(e),[1] Petitioner maintains that he had a constitutional right to a hearing on the allegations in his petition for writ of mandate because the California Supreme Court granted his motion for judicial notice. According to Petitioner, the California Supreme Court's grant of the motion for judicial notice conclusively established all of the facts necessary to obtain relief on the allegations in his petition for writ of mandate. Consequently, Petitioner believes that the California Supreme Court was constitutionally obligated to conduct a hearing on his petition for writ of mandate before it could deny the petition.

---

[1] Federal Rule of Evidence 201(e) states: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."

Accepting Petitioner's allegations as true, it appears that Petitioner has failed to raise a cognizable claim for federal habeas relief, as his claim of error involves only a purported error in the state's post-conviction review process. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (*per curiam*) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"); *see also*, *Ortiz v. Stewart* 149 F.3d 923, 939 (9th Cir. 1998) ("[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings"). Petitioner's reliance on the Federal Rules of Evidence is also misplaced, as those rules do not implicate an alleged violation of "the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *see also* 28 U.S.C. § 2254(a); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms."). In fact, the Federal Rules of Evidence do not apply to state criminal proceedings. *See* Fed. R. Evid. 101(a) ("These rules apply to proceedings in United States courts."). Consequently, it appears that habeas relief is not warranted as to Petitioner's sole claim for relief.

This Court may summarily dismiss a petition where it is obvious that the petition lacks merit as a matter of law. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (citing Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254). Accordingly, Petitioner shall show cause why this action should not be dismissed for failure to state a cognizable claim for relief. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.[2]

---

[2] Petitioner named "California Supreme Court" as the respondent. In a federal habeas petition, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.* Therefore, assuming Petitioner can show cause as to why his petition should not be dismissed for failure to state a claim, he must name
(continued...)

Case 8:15-cv-01935-GHK-FFM Document 6 Filed 12/03/15 Page 4 of 4 Page ID #:161

1  If Petitioner does not file a response within the time allowed, the action may be
2  dismissed for failure to state a cognizable claim, and for failure to prosecute.
3  IT IS SO ORDERED.

5  DATED: December 3, 2015

    /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
    United States Magistrate Judge

---

[2](...continued)
a proper respondent.