UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOEL MIRANDA, | ) | CASE NO. SACV 15-1935 GHK (FFM) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| CALIFORNIA SUPREME COURT, et al., | ) | |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order No. 194 of the United States District Court for the Central District of California.

## I. PROCEDURAL HISTORY

An Orange County Superior Court jury convicted Petitioner of gross vehicular manslaughter while intoxicated (Cal. Penal Code § 191.5). The jury also found that Petitioner fled the scene of the crime and that he had suffered a prior conviction for driving under the influence with a prior conviction (Cal. Veh. Code § 20001; Cal. Penal Code § 191.5). Thereafter, the trial court sentenced Petitioner to state prison for a term of twenty years to life.

/ / /

/ / /

Petitioner appealed his conviction. On June 22, 2012, the California Court of Appeal amended the abstract of judgment to correct a clerical mistake, but in all other respects affirmed the conviction and sentence. Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on September 12, 2012. Thereafter, Petitioner filed several collateral attacks to his conviction, the last of which was a petition for writ of mandate that he filed in the California Supreme Court. Along with his petition for mandate, Petitioner filed a request for temporary injunction and a motion for judicial notice. On September 9, 2015, the California Supreme Court issued an order granting Petitioner's motion for judicial notice, but denying Petitioner's request for temporary injunction and his petition for writ of mandate.

Petitioner then initiated this action.

## II. DISCUSSION

In his sole claim for relief, Petitioner contends that, in denying Petitioner's petition for writ of mandate, the California Supreme Court deprived Petitioner of his due process right to a hearing. Citing Federal Rule of Evidence 201(e),[1] Petitioner maintains that he had a constitutional right to a hearing on the allegations in his petition for writ of mandate because the California Supreme Court granted his motion for judicial notice. According to Petitioner, the California Supreme Court's grant of the motion for judicial notice conclusively established all of the facts necessary to obtain relief on the allegations in his petition for writ of mandate. Consequently, Petitioner believes that the California Supreme Court was constitutionally obligated to conduct a hearing on his petition for writ of mandate before it could deny the petition.

---

[1] Federal Rule of Evidence 201(e) states: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."

1 Accepting Petitioner's allegations as true, Petitioner has failed to raise a
2 cognizable claim for federal habeas relief, as his claim of error involves only a
3 purported error in the state's post-conviction review process. *See Franzen v. Brinkman*,
4 877 F.2d 26, 26 (9th Cir. 1989) (*per curiam*) ("[A] petition alleging errors in the state
5 post-conviction review process is not addressable through habeas corpus proceedings");
6 *see also*, *Ortiz v. Stewart* 149 F.3d 923, 939 (9th Cir. 1998) ("[F]ederal habeas relief is
7 not available to redress alleged procedural errors in state post-conviction proceedings").
8 Petitioner's reliance on the Federal Rules of Evidence is also misplaced, as those rules
9 do not implicate an alleged violation of "the Constitution, laws or treaties of the United
10 States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991);
11 *see also* 28 U.S.C. § 2254(a); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir.
12 1991) ("On federal habeas we may only consider whether the petitioner's conviction
13 violated constitutional norms."). In fact, the Federal Rules of Evidence do not apply to
14 state criminal proceedings. *See* Fed. R. Evid. 101(a) ("These rules apply to proceedings
15 in United States courts."). Consequently, habeas relief is not warranted as to
16 Petitioner's sole claim for relief.

17 This Court may summarily dismiss a petition where it is obvious that the petition
18 lacks merit as a matter of law. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir.
19 1983) (citing Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254).
20 Accordingly, on December 3, 2015, this Court issued an order to show cause why this
21 action should not be dismissed for failure to state a cognizable claim for relief.[2]

---

[2] Petitioner named "California Supreme Court" as the respondent. The order to show cause also advised petitioner that in a federal habeas petition, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

On December 21, 2015 and December 29, 2015 Petitioner filed responses to the order to show cause. Petitioner's response merely reiterated his contention that the California Supreme Court denied him his procedural rights.

### III. CONCLUSION

For the reasons set forth above, the claim asserted by Petitioner is not cognizable in a federal habeas petition. Therefore, it is ordered that the Petition be dismissed without prejudice. The Court will enter a separate judgment.

DATED: 01/08/2016

GEORGE H. KING
United States District Judge

Presented by:

　/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge